IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Demond S. Dixon, )
    Petitioner, )
     )
v. ) 1:14cv384 (JCC/IDD)
     )
Eric Wilson, )
    Respondent. )

## MEMORANDUM OPINION

Demond S. Dixon, a federal inmate housed in the Eastern District of Virginia and proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the computation of his sentence by the Federal Bureau of Prisons ("BOP"). Respondent has filed motions to dismiss the petition for lack of jurisdiction and alternatively for summary judgment, with supporting memoranda and exhibits. On July 21, 2014, Dixon was advised of his right to file responsive materials, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Civil Rule 7(K), and he has filed no response to either of respondent's motions. For the reasons which follow, respondent's Motion for Summary Judgment will be granted, and summary judgment will be entered in respondent's favor. Respondent's motion to dismiss will be denied as moot.

### I. Background

The following material facts are uncontroverted. On September 27, 2007, Dixon was arrested in Lincoln County, North Carolina and subsequently was charged with robbery with a dangerous weapon and kidnapping. Resp. Ex. A, Declaration of Shannon L. Rodriguez

1

("Rodriguez Decl.") ¶ 5. On March 4, 2008, Dixon was sentenced on those convictions to a minimum term of 65 months incarceration and a maximum term of 87 months, with credit for 159 days spent in confinement prior to the date of the judgment. Id. ¶ 6.

On April 25, 2008, Dixon was indicted in the United States District Court for the Western District of North Carolina on one count each of bank robbery, aiding and abetting a bank robbery, and using and carrying a firearm in relation to a crime of violence. Id. ¶ 7. On May 27, 2008, while serving his state sentence, Dixon was transferred to the custody of the United States Marshals Service ("USMC") pursuant to a writ of habeas corpus *ad prosequendum*, and he was sentenced in federal court on August 4, 2009 to a 108-month term of imprisonment. Id. ¶¶ 8-9; see United States v. Fleetwood, et al., 5:08cr00021-RLV-DCK-3 (W.D.N.C.). The federal sentence was ordered to run concurrent with the undischarged term of the North Carolina sentence, and commenced on the day it was imposed. Id.

On August 25, 2009, the USMC returned Dixon to the custody of North Carolina officials to serve the remainder of his state sentence. Id. ¶ 10. On February 22, 2013, Dixon was released from his North Carolina sentence and transferred to the primary custody of the USMS to serve the remainder of his federal sentence. Id. ¶ 11.

In this petition for habeas relief pursuant to § 2241, Dixon argues that when he was transferred from North Carolina to the custody of the USMC pursuant to the writ of habeas corpus *ad prosequendum*, his state sentence stopped running and the time he spent in the custody of the USMC was not credited to his North Carolina sentence. He contends that the BOP should credit that time to his federal sentence. Respondent acknowledges that Dixon has exhausted

2

available administrative remedies as to his claim.[1] Accordingly, this matter is now ripe for review on the merits.

## II. Standard of Review[2]

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion

---

[1] In the context of federal habeas petitions challenging sentence computations, parole determinations, or good time credits calculations, courts have required petitioners first to exhaust their administrative remedies. See United States v. Wilson, 503 U.S. 329, 335-36 (1992) (holding that Congressional changes to 18 U.S.C. § 3568 did not divest the Federal Bureau of Prisons ("BOP") of the authority to compute federal prisoners' sentences and noting that federal prisoners may seek judicial review of these computations after exhaustion of their administrative remedies); United States v. Bayless, 940 F.2d 300, 304-305 (8th Cir. 1991) (refusing to reach petitioner's challenge to computation of his sentence because petitioner had failed to exhaust his administrative remedies with the BOP); United States v. Lucas, 898 F.2d 1554, 1555-56 (11th Cir. 1990) (holding that a dissatisfied prisoner may only avail himself of judicial review after an adverse administrative decision by the BOP regarding his sentence calculation).

[2] Because respondent relies on evidentiary material, the Court finds it appropriate to review its position pursuant to the standard of review for summary judgment requests.

for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. " [T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Analysis

Dixon's argument that he is entitled to federal sentence credit for the period he spent in North Carolina custody from May 27, 2008 through August 3. 2009 is without merit, because his sentence has been computed in accordance with applicable federal law. The computation of federal sentences is solely within the purview of the BOP. Wilson, 503 U.S. at 335. In any such instance, the BOP must make two separate determinations: (1) the date on which the federal sentence commences, and (2) the extent to which the defendant can receive credit for prior time spent in custody. Chambers v. Holland, 920 F.Supp. 618, 621 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996). Here, Dixon challenges the second component of this equation.

Awards of prior custody credit are controlled by 18 U.S.C. § 3585(b), which provides:

(b) Credit for prior custody. - A defendant shall be given credit toward

>the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
>(1) as a result of the offense for which the sentence was imposed; or
>
>(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>that has not been credited against another sentence.

The plain language of § 3583(b) makes it clear that a defendant cannot receive double credit for time spent in detention. Wilson, 503 U.S. at 337. The majority of courts addressing the issue, including this one, have construed § 3583(b) to allow an award of custody credit for time served prior to the imposition of a federal sentence only in instances where the period was not spent in service of a previously-imposed sentence. See, e.g., Hudson v. Wilson, No. 2:11cv534, 2012 WL 3257856, at *3 (E.D. Va. May 31, 2012) (Miller, M.J.); Mack v. Stansberry, No. 1:10cv1188, 2011 WL 3320742, at *4 (E.D. Va. Jul. 29, 2011) ( Hilton, J.). Here, petitioner was in the primary custody of the state of North Carolina beginning on September 27, 2007. Rodriguez Decl. ¶ 16. During the time he was "on loan" to federal authorities pursuant to the writ of habeas corpus *ad prosequendum,* see United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) - that is, from May 27, 2008 through August 4, 2009 - North Carolina did not relinquish custody by bail or parole, petitioner's state sentence continued to run, and the period was credited by North Carolina officials to his state sentence. Id. at ¶¶ 15-16. Therefore, pursuant to §3583(b), that period cannot also be credited against petitioner's current

federal sentence.[3] Because petitioner has failed to show that he is in custody in violation of the Constitution or laws of the United States, he is not entitled to the habeas corpus relief he seeks, and respondent's Motion for Summary Judgement must be granted.

### IV. Conclusion

For the foregoing reasons, respondent's Motion for Summary Judgment will be granted, and summary judgment will be entered in his favor. Respondent's Motion to Dismiss will be denied as moot. An appropriate Order shall issue.

Entered this 13th day of January 2015.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge

---

[3]Petitioner has received credit against his federal sentence for the period commencing on September 27, 2007, the date of his North Carolina arrest, through March 3, 2008, the day prior to the imposition of his state sentence, pursuant to Willis v. United States, 438 F.2d 923 (5th Cir. 1971). Rodriguez Decl. ¶ 19. He is currently scheduled for release from his federal sentence on December 29, 2016. Id. ¶ 12.

6